UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| IBRAHIM ABUOUMAR | CIVIL ACTION |
| VERSUS | NO. 04-2863 |
| LAKESHORE CHRYSLER | MAG. JUDGE WILKINSON |

### ORDER ON MOTION

Plaintiff's Motion for Leave to Add New Count in Amended and Supplemental Complaint, Record Doc. No. 43, was previously deferred to permit plaintiff, Ibrahim Abuoumar, to file a supplemental memorandum in support of his attempt to add a retaliation claim. Record Doc. No. 84.

Abuoumar timely filed his supplemental memorandum. Record Doc. No. 90. Defendant, Lakeshore Chrysler Dodge Jeep, Inc. ("Lakeshore"), received leave to file a reply memorandum. Record Doc. Nos. 97, 98.

Having considered the record, the submissions of the parties and the applicable law, IT IS ORDERED that the motion is DENIED, for the following reasons.

I.     The Applicable Standard for Motions to Amend

The policy of the Federal Rules of Civil Procedure is liberal in favor of permitting amendment of pleadings, and the trial court's discretion is not broad enough to permit denial of leave to amend "unless there is a substantial reason" to do so. Dussouy v. Gulf Coast Investment Corp., 660 F.2d 594, 598 (5th Cir. 1981). Thus, leave to amend "shall be freely given when justice so requires," Fed. R. Civ. P. 15(a), but "is by no means automatic." Wimm v. Jack Eckerd Corp., 3 F.3d 137, 139 (5th Cir. 1993) (quotation omitted). Relevant factors to consider include "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party, and futility of amendment." Id. The party seeking to amend bears the burden of showing that delay in bringing the amendment was due to oversight, inadvertence or excusable neglect. Parish v. Frazier, 195 F.3d 761, 763 (5th Cir. 1999).

In addition, where–as here–the court has entered a scheduling order setting a deadline for the amendment of pleadings, Record Doc. No. 20, the schedule "shall not be modified except upon a showing of good cause." Fed. R. Civ. P. 16(b). "Rule 16(b) governs amendment of pleadings after a scheduling order deadline has expired. Only upon the movant's demonstration of good cause to modify the scheduling order will the more liberal standard of Rule 15(a) apply to the district court's decision to grant or deny

2

leave." S&W Enters., L.L.C. v. South Trust Bank of Ala., NA, 315 F.3d 533, 536 (5th Cir. 2003).  "In determining good cause, we consider four factors:  (1) the explanation for the failure to timely move for leave to amend; (2) the importance of the amendment; (3) potential prejudice in allowing the amendment; and (4) the availability of a continuance to cure such prejudice." Southwestern Bell Tel. Co. v. City of El Paso, 346 F.3d 541, 546 (5th Cir. 2003) (citing Fed. R. Civ. P. 16(b)) (quotation omitted).

In the instant case, the court's scheduling order, entered on November 28, 2005, set a deadline for amending pleadings of January 13, 2006.  Record Doc. No. 20. Abuoumar's motion to amend his complaint was not filed until April 11, 2006, three months after the deadline expired.  Thus, the court applies the Rule 16 standard.

Considering the first factor of this standard, Abuoumar has proffered no explanation for his failure to move timely for leave to amend.  The incident upon which his amendment is based occurred on August 16, 2005.  Following Hurricane Katrina, the court reopened on November 1, 2005, and plaintiff's counsel participated in the scheduling conference held on November 28, 2005.  Record Doc. No. 20.  Nothing appears to have prevented him from filing his motion by January 13, 2006.

As to the other factors, the amendment is not important because it is futile, as more fully discussed below.  Defendant would be prejudiced if the amendment were allowed because it would be forced to file a motion to dismiss, which would contain the same

3

arguments and would rely on the same standards that have already been fully briefed. A continuance would not cure such prejudice.

II.     Plaintiff Fails to State a Claim for Retaliation

As to futility, the Fifth Circuit has held:

> It is within the district court's discretion to deny a motion to amend if it is futile. While this court has not specifically defined "futility" in this context, we join our sister circuits that have interpreted it to mean that the amended complaint would fail to state a claim upon which relief could be granted. As these courts have done, to determine futility, we will apply the same standard of legal sufficiency as applies under Rule 12(b)(6).
>
> The question therefore is whether in the light most favorable to the plaintiff and with every doubt resolved in his behalf, the complaint states any valid claim for relief. The court may not dismiss a complaint under Rule 12(b)(6) unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.

Stripling v. Jordan Prod. Co., LLC, 234 F.3d 863, 872-73 (5th Cir. 2000) (quotations and citations omitted).

In his original complaint, Abuoumar contends that Lakeshore, his former employer, discriminated against him on the basis of his religion during his employment. In his proposed amended complaint, plaintiff argues that Lakeshore retaliated and discriminated against him long after he had left its employ.

4

Abuoumar worked for defendant from September 2002 until mid-September 2003. He filed an EEOC charge alleging discriminatory harassment on September 30, 2003. After the EEOC issued a right to sue letter, he filed this lawsuit on November 9, 2004.

According to defendant's memoranda, Lakeshore discovered in July or August 2005 that plaintiff may have stolen a vehicle from it while he was employed there. Lakeshore filed a criminal complaint against Abuoumar. He was arrested on August 16, 2005 and charged with two counts of felony theft. The criminal case remains pending.

Plaintiff argues that the criminal charges and arrest instigated by Lakeshore were in retaliation for his filing of his EEOC charge and the instant lawsuit and also constituted religious discrimination.

The parties agree that, to establish a prima facie case for retaliation, Abuoumar must show "1) that [he] engaged in a protected activity; 2) that an adverse employment action occurred; and 3) that a causal link existed between the protected activity and the adverse action." Baker v. American Airlines, Inc., 430 F.3d 750, 754 (5th Cir. 2005) (quotation omitted). Defendant concedes that the first factor is met.

Abuoumar contends, and Lakeshore concedes, that Title VII does not limit its cause of action for retaliation to current employees and that such claims can be brought by former employees, if the elements of the cause of action are met. Robinson v. Shell Oil Co., 519 U.S. 337 (1997). However, defendant argues that, under settled Fifth

5

Circuit law, its assertion of criminal charges against plaintiff cannot qualify as an adverse employment action, the second prong of the prima facie case.

"To demonstrate the occurrence of an adverse employment action, a plaintiff must show that he suffered an 'ultimate employment decision.'  Ultimate employment decisions include actions affecting job duties, compensation, or benefits, such as hiring, granting leave, discharging, promoting, and compensating." Davis v. Dallas Area Rapid Transit, 383 F.3d 309, 319 (5th Cir. 2004) (citations omitted).

Only "ultimate employment decisions," as defined in Davis, satisfy the second prong of the prima facie case. Kang v. Board of Supervisors, No. 03-30214, 2003 WL 22272920, 75 Fed. Appx. 974, 976 (5th Cir. 2003) (citations omitted); Hernandez v. Crawford Bldg. Mat'l Co., 321 F.3d 528, 532 (5th Cir. 2003).  "An employment action that does not affect job duties, compensation, or benefits is not an adverse employment action."  Pegram v. Honeywell, Inc., 361 F.3d 272, 282 (5th Cir. 2004) (quotation omitted) (emphasis added).

Abuoumar argues that Lakeshore's decision to press criminal charges in August 2005 is an ultimate employment decision because Lakeshore will contend that it would have fired him in 2003, had it known then of his alleged theft of a vehicle.  The effect of Lakeshore's contention, he states, will be to cut off any award of back pay in this lawsuit. This effect on any back pay award, Abuoumar argues, transforms Lakeshore's 2005 act

into an adverse employment action, "akin to . . . termination." Plaintiff's Supplemental Memorandum, Record Doc. No. 90, at p.4. He also argues that his arrest will affect his future employability.

Panels of the Fifth Circuit have declined to revise the circuit's "ultimate employment decision" rule, which is admittedly more restrictive than in other circuits, and have specifically rejected broader definitions of "ultimate employment decision," including the filing of criminal charges against a former employee, that were applied by other courts in two of the cases cited by Abuoumar in support of his motion to amend. Kang, 75 Fed. Appx. at 977 n.13 (citing Berry v. Stevinson Chevrolet, 74 F.3d 980, 984-86 (10th Cir. 1996); Beckham v. Grand Affair, Inc., 671 F. Supp. 415 (W.D.N.C. 1987)); see also Hernandez v. Crawford Bldg. Mat'l Co., 321 F.3d 528, 532 (5th Cir. 2003) (counterclaims or lawsuits filed by an employer against a former employee "cannot support a retaliation claim in the Fifth Circuit." "After all, companies and citizens have a constitutional right to file lawsuits, tempered by the requirement that the suits have an arguable basis.").

The Fifth Circuit has also rejected the idea that an employer's action that might have an impact on future employability is an ultimate employment decision.

> [B]y limiting recovery to cases where an employer's retaliation impacts an ultimate employment decision, this circuit ensures that an action that "might jeopardize" employment decisions in the "future," but has as yet had

7

> no tangible effect, does not give rise to liability. Robinson, which held that a plaintiff could bring a claim of retaliation after her former employer provided a negative job reference in response to her application for employment at a different company, does not cast doubt on the viability of this rule. Importantly, the negative reference in Robinson was tied to a specific "ultimate employment decision" (hiring), albeit not by the former employer; it was not actionable simply because it might have affected an employment decision that may or may not have taken place in the future.

Carthon v. Johnson Controls Inc., No. 03-31106, 100 Fed. Appx. 993, 2004 WL 1376381, at *4 (5th Cir. 2004) (quoting Mattern v. Eastman Kodak Co., 104 F.3d 702, 708 (5th Cir. 1997)) (citing Robinson, 519 U.S. at 339, 346) (emphasis added).

Applying these principles to Abuoumar's motion, I find that his proposed amended complaint does not state a claim for retaliation upon which relief can be granted because Lakeshore's instigation of criminal charges against him is not an adverse employment action. Accordingly, his motion to amend to add a retaliation claim is denied as futile.

III.     Plaintiff Fails to State a Claim for Discrimination

Abuoumar argues that his proposed amended complaint also asserts a religious discrimination claim.

Title VII applies only to "employers" and to adverse employment actions. 42 U.S.C. § 2000e-2(a)(1); McDonnell Douglas Corp. v. Green, 411 U.S. 792, 802 (1973). Plaintiff cites no authority for the proposition that Lakeshore's decision to bring criminal charges against him two years after he left its employ can be actionable discrimination.

8

Because Lakeshore was not plaintiff's employer in August 2005 and because no adverse employment action occurred, Abuoumar's proposed amended complaint fails to state a claim for religious discrimination upon which relief can be granted. Accordingly, the motion is denied as futile.

New Orleans, Louisiana, this __15th__ day of May, 2006.

JOSEPH C. WILKINSON, JR.
UNITED STATES MAGISTRATE JUDGE