UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA


IBRAHIM ABUOUMAR                                  CIVIL ACTION

VERSUS                                            NO. 04-2863

LAKESHORE CHRYSLER                                SECTION "B" (2)


## ORDER ON MOTION

Plaintiff, Ibrahim Abouomar,[1] filed this lawsuit against his former employer,

Lakeshore Chrysler Dodge Jeep, Inc. ("Lakeshore"), alleging that he had been subjected

to a hostile work environment based on his national origin and religion and

constructively discharged, in violation of Title VII.  42 U.S.C. § 2000e-5 et seq.

This matter was referred to the undersigned magistrate judge for all proceedings

and entry of judgment in accordance with 28 U.S.C. § 636(c) upon the written consent

of all parties.  Record Doc. No. 9.

_____

[1]Plaintiff states in the affidavit attached to his opposition that the correct spelling of his name is
Abouomar, not Abuoumar as it was in the complaint.

Defendant filed a Motion for Summary Judgment.   Record Doc. No. 88. Abouomar filed an untimely opposition memorandum that was one day late, without seeking leave of court to do so.  Record Doc. No. 113.  Lakeshore received leave to file a reply memorandum.  Record Doc. Nos. 114, 115, 116.  Because defendant submitted voluminous additional evidence with its reply memorandum, the court gave plaintiff time to file another memorandum to address the new evidence.   Record Doc. No. 117. Abouomar filed another untimely memorandum, again one day late, without seeking leave of court to do so.  Record Doc. No. 124.

After filing its motion for summary judgment, Lakeshore filed an unopposed motion to extend the discovery deadline for the sole purpose of deposing plaintiff's physician, Dr. Ratnakar Pernenkil.  Defendant asked for an additional six weeks after the court rendered a decision on the motion for summary judgment.  Record Doc. No. 101. The court granted the motion in part and denied it in part, extending the deadline for a reasonable time period, which would not be as long as six weeks, after the court ruled on the summary judgment motion.  Record Doc. No. 102.

Having considered the complaint, the record, the submissions of the parties and the applicable law, IT IS ORDERED that defendant's motion for summary judgment is DENIED.

I.      SUMMARY JUDGMENT STANDARDS

Summary judgment is appropriate when "the pleadings, depositions, answers to

interrogatories, and admissions on file, together with the affidavits, if any, show that

there is no genuine issue as to any material fact and that the moving party is entitled to

a judgment as a matter of law." Fed. R. Civ. P. 56(c).  The moving party bears the initial

burden of identifying those portions of the pleadings and discovery in the record that it

believes demonstrate the absence of a genuine issue of material fact, but it is not required

to negate elements of the nonmoving party's case. Capitol Indem. Corp. v. United States,

452 F.3d 428, 430 (5th Cir. 2006) (citing Celotex Corp. v. Catrett, 477 U.S. 317, 323

(1986)); Edwards v. Your Credit, Inc., 148 F.3d 427, 431 (5th Cir. 1998).

A fact is "material" if its resolution in favor of one party might affect the outcome

of the action under governing law.  Anderson v. Liberty Lobby, 477 U.S. 242, 248

(1986).  No genuine issue of material fact exists if a rational trier of fact could not find

for the nonmoving party based on the evidence presented.  National Ass'n of Gov't

Employees v. City Pub. Serv. Bd., 40 F.3d 698, 712 (5th Cir. 1994).

To withstand a properly supported motion, the nonmoving party who bears the

burden of proof at trial must come forward with evidence to support the essential

elements of its claim. Id. (citing Celotex, 477 U.S. at 321-23).  "[A] complete failure of

proof concerning an essential element of the nonmoving party's case renders all other

facts immaterial."   Celotex, 477 U.S. at 323; accord Capitol Indem. Corp., 452 F.3d at 430.

"Factual controversies are construed in the light most favorable to the nonmovant, but only if both parties have introduced evidence showing that an actual controversy exists."   Edwards, 148 F.3d at 432.   "'We do not, however, in the absence of any proof, assume that the nonmoving party could or would prove the necessary facts.'"   Badon v. R J R Nabisco Inc., 224 F.3d 382, 394 (5th Cir. 2000) (quoting Little v. Liquid Air Corp., 37 F.3d 1069, 1075 (5th Cir. 1994)).   "Conclusory allegations unsupported by specific facts . . . will not prevent the award of summary judgment; 'the plaintiff [can]not rest on his allegations . . . to get to a jury without any "significant probative evidence tending to support the complaint."'"   National Ass'n of Gov't Employees, 40 F.3d at 713 (quoting Anderson, 477 U.S. at 249).

II.   DEFENDANT'S MOTION FOR SUMMARY JUDGMENT

Lakeshore argues that Abouomar cannot prove that the alleged harassment in the workplace was so severe or pervasive that it rose to the level of a hostile environment or was so intolerable that a reasonable person would have felt forced to resign.  Defendant also argues that it exercised reasonable care to prevent and promptly correct any harassing behavior and that Abouomar unreasonably failed to take advantage of such corrective opportunities.

The evidence submitted by plaintiff in response to the motion, including particularly in the deposition testimony, creates disputed genuine issues of material fact, including whether the acts of harassment about which plaintiff testified were sufficiently severe or pervasive that they altered the conditions of his employment and created an abusive working environment, whether Lakeshore exercised reasonable care to prevent and correct promptly any harassing behavior, whether plaintiff unreasonably failed to take advantage of any preventive or corrective opportunities provided by Lakeshore and whether the harassing conduct was so intolerable that it forced Abouomar into an unpaid medical leave that was equivalent to a constructive discharge.

This court cannot make credibility findings on a motion for summary judgment. Bledsoe v. City of Horn Lake, 449 F.3d 650, 652 (5th Cir. 2006). On the current record, it appears that trial is required to resolve genuine issues of material fact.

Therefore, defendant's motion for summary judgment is DENIED.

III.    MOTION TO EXTEND DISCOVERY DEADLINE

Given the court's ruling on defendant's motion for summary judgment, IT IS
ORDERED that defendant's motion to extend the discovery deadline is GRANTED and
that the deadline for deposing Dr. Pernenkil is extended until August 25, 2006.


New Orleans, Louisiana, this __28th__ day of July, 2006.


JOSEPH C. WILKINSON, JR.
UNITED STATES MAGISTRATE JUDGE